# Order

Michigan Supreme Court
Lansing, Michigan

November 4, 2011

9/October 2011

141747

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

GAIL MILLER, Guardian and Conservator
for RYAN SCOTT MILLER, a Mentally
and Physically Incapacitated Person,
        Plaintiff-Appellee,

v

CITIZENS INSURANCE COMPANY
and APRIL BUERKEL,
        Defendants,
and

DETROIT MEDICAL CENTER,
        Appellant.
_____/

SC: 141747
COA: 290522
Macomb CC: 2007-005364-NF

On order of the Court, leave to appeal having been granted, and the briefs and oral argument of the parties having been considered by the Court, we hereby REVERSE in part and AFFIRM in part the May 13, 2010 judgment of the Court of Appeals. This is an attorney fee dispute arising out of an action for benefits under the no-fault act, MCL 500.3101 *et seq*. As the Court of Appeals implicitly recognized, the Detroit Medical Center (DMC) is not liable for plaintiff's attorney's fees under the no-fault act. We agree that plaintiff is responsible for payment of her attorney fees consistent with the contingency fee agreement. Consistent with the common-law American rule, the no-fault act generally requires each party to pay its own attorney fees. Plaintiff's reliance on MCL 500.3112 is unavailing because that provision, which permits equitable apportionment of personal protection insurance benefits among payees, does not encompass an award of attorney fees to an insured's counsel. However, the Court of Appeals' reliance on the common-fund exception to the American rule was erroneous because no common fund was created.

Of concern to this Court is that the circuit court's order, and the Court of Appeals' affirmance, could be mistakenly interpreted as extinguishing the DMC's contractual right to payment for its services. We wish to make clear that this is not the case. No-fault benefits are "payable to or for the benefit of an injured person . . . ." MCL 500.3112. In this case, through settlement, the benefits were paid to plaintiff, and her attorney asserted an attorney's charging lien over the settlement proceeds. Thus, the effect of this was only to settle claims as between the insurer, plaintiff, and her attorney. The circuit court's order of dismissal pursuant to the settlement agreement did not have the effect of extinguishing the DMC's right to collect the remainder of its bill from plaintiff. Such a result could not have been achieved without an explicit waiver, or at least unequivocal acquiescence, by the DMC, which was not obtained.

HATHAWAY, J., not participating because she is currently involved in a business transaction with a member of the law firm retained as co-counsel for plaintiff-appellee.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 4, 2011

_____
Clerk

t1101